IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CASEY McCORMICK,

    Plaintiff,

    v.

CABLE COMMUNICATIONS, INC.,

    Defendant.

No. 3:14-cv-01128-MO

OPINION AND ORDER

MOSMAN, J.,

    Plaintiff seeks immediate appeal of the claims I dismissed as part of my Order of July 9, 2015, which granted, in part, Defendant's motion for summary judgment [55]. To achieve that immediate appeal, Plaintiff has filed a petition requesting certification of an interlocutory appeal under 28 U.S.C. § 1292(b) ("1292(b)") or, in the alternative, seeking an amended order granting final judgment under FRCP 54(b) [60]. If his motion is granted on either ground, Plaintiff requests a stay of his remaining claims. I DENY the motion for an interlocutory appeal under 28 U.S.C § 1292(b); I GRANT the motion for final judgment under Rule 54b; and I GRANT a stay on the remaining claims pending the outcome of Mr. McCormick's appeal.

## BACKGROUND

    Plaintiff McCormick sued Cable Communications, Inc. (CCI) for deliberately miscalculating overtime pay under both Oregon and federal law. Plaintiff also brought claims asserting CCI had violated the Oregon Family Medical Leave Act. On July 9, 2015 I granted

1 – OPINION AND ORDER

partial summary judgment in CCI's favor. In that order, I ruled that CCI had complied with Oregon overtime pay regulation; that CCI's use of bonuses in calculating overtime rates did not violate the FLSA; and that Plaintiff did not have a viable disability discrimination claim. Mr. McCormick's claims pertaining to violations of the Oregon Family Medical Leave Act remain and are set for trial on November 3.

On the same day I granted partial summary judgment in favor of CCI in Mr. McCormick's case, I also granted summary judgment in favor of CCI in a consolidated case brought by Mr. Brunozzi. (CV 14-1131 [58]). The legal questions I resolved in favor of CCI were the same in both cases. Mr. Brunozzi is now proceeding with his appeal. Mr. McCormick, wishing to keep his related claims consolidated on appeal with Mr. Brunozzi's, moves for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) or, in the alternative, for an amended order under FRCP 54(b) for the claims I dismissed.

I. **Motion for Certification of Interlocutory Appeal under 18 U.S.C. 1292(b).**

**LEGAL STANDARD**

Under 1292(b), a district court may certify an immediate appeal of an interlocutory order if the court is of the opinion that (1) the "order involves a controlling question of law;" (2) there is "substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Ninth Circuit has explained that 1292(b) "is to be applied sparingly and only in exceptional circumstances." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Legislative history demonstrates that 1292(b) is reserved for "extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). The burden of demonstrating that the three

2 – OPINION AND ORDER

requirements are met in a 1292(b) request is on the party pursuing the interlocutory appeal. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

## DISCUSSION

Plaintiff has failed to show that there are substantial grounds for difference of opinions and thus has not shown that a certification under 1292(b) is appropriate. Plaintiff argues he has demonstrated substantial grounds for difference of opinion by 1) showing this is a question of first impression and 2) offering differing opinions from other courts on sections of the FLSA that were not at issue in this case. However, "just because a court is the first to rule on a particular question…does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citations omitted). Where "defendants have not provided a single case that conflicts with the district court's construction or application of [the law]," the petitioner will not have met their burden. *Id. (quoting Union Cnty., Iowa v. Piper Jaffray & Co.,* 525 F.3d, 643, 647 (8th Cir. 2008) ("While identification of a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement…a dearth of cases does not constitute substantial ground for difference of opinion.") (citations and quotations omitted).

Plaintiff cites four cases to show that, in addition to being an issue of first impression, there is a substantial difference of opinion on the legal questions at issue in his case. *See Frank v. McQuigg,* 950 F2d 591 (9th Cir 1991) (analyzing FLSA requirements when applied to wage payments that include territorial cost-of-living Adjustments); *and see Delpin Aponte v. U.S.,* No. 05-1043 (Fed. Ct. Cl. 5/7/14) (same issue of FLSA requirements when applied to wage payments that include territorial cost-of-living adjustments brought against same defendant after said defendant adjusted its pay system to comply with the Ninth Circuit's ruling in*McQuigg*); *Parth*

*v. Pomona Valley Hosp. Med. Cntr.*, 630 F3d 794, 801 (9th Cir 2010) (analyzing FLSA requirements when applied to pay program with shift-differential pay where scheduling practices were instituted at employees' request); *Huntington Mem. Hosp. v. Superior Ct.,* 131 Cal. App. 4th 893 (2005) (analyzing FLSA requirements when applied to pay program with shift-differential pay and arriving at opposite conclusion from *Parth* court). While the questions of cost of living adjustments and shift differential pay are related to the FLSA and determinations of employee compensation, the cases do not show, and Plaintiff has not proven, how they are applicable to the bonus question at issue in Plaintiff's case. Because Plaintiff has not met the burden of proof for an interlocutory appeal under 1292(b), it would be inappropriate to allow certification.

## II.    Motion for Entry of Judgment Under Rule 54(b)

### LEGAL STANDARD

A district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The judgment must be based on "a decision upon a cognizable claim for relief," and it must represent "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (internal quotation omitted).

In determining whether no just reason for delay exists, the court should consider "judicial administrative interests as well as the equities involved," including "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 8. "It is

appropriate to issue a final judgment on one claim in a multi-claim case where the legal issues now appealed will streamline the ensuing litigation.'" *Am. Int'l Spec. Lines Ins. Co. v. KinderCare Learning Cntr. Inc.,* Civil Case Nos. 07-642-KI (Lead Case), 07-978-KI (D.Or. 12/5/2008), *citing to Texaco, Inc. v. Ponsoldt,* 939 F2d 794, 798 (9th Cir. 1991). The moving party bears the burden of proving circumstances "unusual enough to merit departure from the court's general presumption against [entry of judgment under] Rule 54(b)." *Birkes v. Tillamook Cnty.*, No. 09-1084, 2012 WL 2178964, at *1 (D. Or. June 13, 2012).

## DISCUSSION

Final judgment would streamline litigation for the appellate court, this court, and the parties. My order of partial summary judgment finally disposed of Plaintiff's FLSA bonus calculations claims—claims which present the same legal questions as those Mr. Brunozzi is currently appealing. Entry of final judgment as to Mr. McCormick's claims would allow the consolidated parts of the *McCormick/Brunozzi* case to proceed to appeal together. In addition, Mr. McCormick's remaining claims for wrongful termination for a medical condition and interference with right to medical leave are separable from the dismissed claims he seeks to appeal. Therefore, even if Mr. McCormick ultimately pursues multiple appeals in this case, no appellate court would need to decide the same issue more than once. Thus, I find that an entry of final judgment as to Mr. McCormick's dismissed claims is appropriate.

### III. Stay of the Proceedings

#### LEGAL STANDARD

"An appeal from an interlocutory order does not… 'stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case.'" *Grauberger v. St. Francis Hosp.,* 169 F.

Supp. 2d 1172, 1175 n. 2 (N.D. Cal. 2001) (quoting *Plotkin v. Pacific Tel. and Tel. Co.,* 688 F.2d 1291, 1293 (9th Cir. 1982)).  However, the Court has discretion to stay proceedings during the pendency of an appeal, as a proper exercise of control over its docket. *Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).

## DISCUSSION

A stay in this case will allow all parties to focus fully on the appellate issues.  In addition, a stay will conserve judicial resources as it nullifies the possibility of two trials in one case.  Finally, no party will suffer hardship as a result of a stay.  As such, a stay for Mr. McCormick's pending claims is appropriate while he pursues his dismissed claims.

## CONCLUSION

For the foregoing reasons, I DENY the motion for an interlocutory appeal under 28 U.S.C § 1292(b); I GRANT the motion for final judgment under Rule 54b; and I GRANT a stay on the remaining claims pending the outcome of Mr. McCormick's appeal [60].

IT IS SO ORDERED.

DATED this __16th__ day of September, 2015.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Court